## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ANNETTE ANDREWS,

      Plaintiff,

vs.                                                          CASE NO. 3:06-cv-561-J-TEM

MICHAEL ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

# O R D E R

This case is before the Court on Plaintiff's Petition for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #24, Petition), which was filed November 22, 2010. Plaintiff's counsel in this Social Security disability case, Mr. Erik W. Berger, Esq., seeks compensation under a contingency fee contract which provides for payment of attorney fees up to twenty-five percent of the past due benefits Plaintiff was awarded in the case (Doc. #24-1).  In this instance, Plaintiff's counsel requests this Court award $14,000 in attorney fees pursuant to 42 U.S.C. § 406(b), an amount which when combined with the approved § 406(a) fee is slightly less than twenty-five percent of Plaintiff's past due benefits award (*see* Doc. #24-2 at 3).  Plaintiff's counsel contacted Defendant's counsel before filing the Petition, but did not receive a response concerning whether Defendant would consent to the Petition (Doc. #24 at 6).  To date, the Commissioner has not filed a response to the instant motion and the matter is ripe for the Court's consideration and ruling.

***History of case*:**

Plaintiff filed for disability insurance benefits (DIB) and supplemental security income (SSI) disability payments on August 2, 2002, asserting her disability began July 30, 2002 (Doc. #17 Plaintiff's Memorandum, at 1).[1]  Mr. Berger began representation of Plaintiff in December of 2003, while Plaintiff's applications for disability benefits were still pending at the administrative level (Doc. #24 at 1).  After the administrative law judge denied Plaintiff's applications and the appeals council declined review in this case, Mr. Berger filed this appeal in federal court on June 20, 2006 (Doc. #1).  After Mr. Berger filed a twenty (20) page memorandum of law in opposition to the Commissioner's decision to deny benefits, the Commissioner filed the Unopposed Motion for Entry of Judgment With a Remand (Doc. #18), seeking remand the case under "sentence four."  The Court granted the motion, reversed the decision of the Commissioner and remanded the case under sentence four of 42 U.S.C. § 405(g), on November 9, 2006.  (*See* Docs. #19 and #20.)  Pursuant to the Equal Access to Justice Act (EAJA), this Court awarded Plaintiff $2,988.13 in attorneys fees on November 30, 2006 (Doc. #22).

Subsequent to the sentence four remand, a number of supplemental hearings were held and Plaintiff was ultimately awarded Social Security disability benefits commencing November 2010 (Doc. #24-2 at 1).  Plaintiff's counsel advises he appeared and represented Plaintiff at three additional administrative hearings (Doc. #24 at 2).  Plaintiff's Notice of Award was dated November 10, 2010 (Doc. #24-2).

---

[1]As the transcript of the underlying administrative proceeding is not available for public review on the record, the Court has relied on the schedule of events as presented in the Memorandum in Support of Plaintiff's Appeal of to the Commissioner's Decision (Doc. #17) and in the current Petition (Doc. #24).

Plaintiff was notified that her total past due benefits were $84,513 and the SSA would withhold $21,128.25 from that amount to pay her attorney (Doc. #24-2 at 4). Plaintiff's counsel petitioned the presiding ALJ for administrative attorney fees, which were approved in the amount of $5,300 for work at the administrative level (Doc. #24 at 3).

Relevant to the instant motion is the contingent fee agreement Plaintiff entered into with attorney Erik W. Berger on December 8, 2003.  Terms of the fee agreement specify in relevant part:

> If the claims [sic] is denied by the ALJ and an appeal is filed by my Attorney, and the claim is awarded following that appeal I agree to pay a fee of 25% of my past due benefits, even if that amount is greater than the maximum amount allowable by law under 42 USCA Section 406 (a) at the time of the decision (currently the maximum amount is $5,300.00).

(Doc. #24-1).

### Analysis

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which shall not exceed twenty-five percent of the past-due benefits awarded.  Therefore, in such cases, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The attorney "must show that the fee sought is reasonable for the services rendered."  *Id.*  Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).  However, other factors that relate to reasonableness include

3

whether there was unreasonable delay in the litigation caused  by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing.  *Id.*; *see Gisbrecht*, 535 U.S. at 808.

An attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past-due benefits) must refund "to the claimant the amount of the smaller fee."  *Gisbrecht v. Barnhart,* 535 U.S. at 796 (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total benefits).  In this action, Plaintiff's counsel made a claim for EAJA fees, which were awarded and apparently received by Plaintiff's counsel (*see* Doc. #22, Court Order; Doc. #24 at 4).

The *Gisbrecht* Court said downward adjustments in § 406(b) fees may be made if the benefits are large in comparison to the amount of time counsel has spent in the case to prevent windfalls.  535 U.S. at  at 808.  Here, Plaintiff's counsel has stated 19.5 hours were spent representing Plaintiff in the federal court action (*see* Doc. #21, EAJA Fee Petition).  Having reviewed the record, the Court finds the requested fee of $14,000 to be somewhat large in relation to the amount of time spent on the case at the federal level, but not beyond what is reasonable.  *See Goulet v. Astrue*, No. 3:06-cv-975-J-TEM, 2010 WL 2731666 (M.D. Fla. Jul. 9, 2010) (finding $9,500 a reasonable 406(b) fee for 15.25 hours); *Rainey v. Astrue*, No. 3:08-cv-728-J-TEM, 2010 WL 2293397 (M.D. Fla. Jun. 8, 2010) (finding $14,626.63 reasonable attorney fees under section 406(b) for 18.5 hours); *Moore v. Astrue*, No. 3:00-cv-571-J-32, 2010 WL 1417629 (M.D. Fla. Apr. 8, 2010) (awarding $16,403.88 in 406(b) attorney fees for 19.5 hours claimed) *Davis v. Astrue*, No. 3:07-cv-

4

705-J-MCR, 2009 WL 2579314 (M.D. Fla. Aug. 19, 2009) (finding $14,713.75 a reasonable 406(b) fee for 24 hours claimed in federal court).[2]

This Court has previously cited with approval the case of *Ellick v. Barnhart*, 445 F.Supp. 2d 1166, 1168 (C.D. Cal. 2006), where the court analyzed forty-three reported post-*Gisbrecht* decisions.  In eight of those cases the attorneys had requested fees which were less than twenty-five percent of the awarded benefits and the courts had approved those requests.  *Id.* at 1168-71. In twenty-three of those cases the courts had approved the requested twenty-five percent contingency fees, although using different reasoning.  *Id.* In those cases in which fees were reduced by the courts to less than twenty-five percent of the awarded benefits, two courts used *de facto* hourly fees of 2.5 times the attorney's normal hourly rate, three reduced fees to rates the judges considered reasonable based on experience, and in five cases the fees were reduced drastically without precise explanation.  *Id.*

The Court's review of this case under the factors referenced in *Gisbrecht* and considering the relative risk of loss in accepting a social security case, reveals as follows:

1.    Social Security is the primary area of counsel's law practice.

2.    Counsel began representing Plaintiff while the case was at the administrative level. Counsel filed a twenty (20) page memorandum of law in support of Plaintiff's position. The memorandum ultimately was persuasive to the sentence four remand of the case.

---

[2]Unpublished opinions may be cited throughout this order as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

3.      The record available to the Court does not evidence any delays caused by Plaintiff's counsel.   Indeed, although the length of time from the filing of the initial application to the ultimate resolution is extensive, the time line of events in this case suggests that no unreasonable delays occurred.

4.      Counsel reportedly spent 19.5 hours working on the case before the district court and unstated number of hours representing Plaintiff at the administrative level.  The Court finds amount of time reasonable based on the complexity of the case.

5.      Counsel always are accepting some risk in taking Social Security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level.

6.      The sought fee is slightly less than 25% of the awarded past due benefits to Plaintiff.  While this amount is large in light of the number of hours spent in federal court, the amount is not so large to be considered a windfall on the facts of this case, wherein counsel also represented Plaintiff for an undetermined number of hours at the administrative level, plus the time spent pursuing this case in federal court.  Notably, Defendant has not opposed the sought fee.

### *Conclusion*

Considering all of the factors in the case, the Court finds the requested fee is reasonable under the direction of *Gisbrecht*.  Plaintiff's Petition for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #24) is **GRANTED**.   The Commissioner shall pay Plaintiff's counsel $14,000 from the escrowed past due benefits account held in Plaintiff's name.  However, as required under the statute and *Gisbrecht*, counsel may not "double-

6

dip" and the amount of $2,988.13 previously received by Plaintiff's counsel for attorney fees under the Equal Access to Justice Act (EAJA) must be given to Plaintiff.  Counsel has suggested he directly reimburse Plaintiff this amount (Doc. #34 at 4).  The Court agrees to the request.  Any remainder of the escrowed past-due benefits shall be paid to Plaintiff once the Commissioner resolves any claims against the escrowed sum.

The Clerk of Court shall enter judgment accordingly and close this file

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of February, 2011.

Copies to counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge